# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY COLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-571-FHS-SPS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant, Bobby Coley, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred, because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step

sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on May 16, 1953, and was 49 years old at the time of the hearing before the ALJ. He has a GED and previously worked as a cashier checker, janitor, poultry eviscerator, and cabinetmaker. The claimant alleges he has been unable to work since October 24, 2001, because of complications from diabetic neuropathy, vision problems, and capsulitis of the left shoulder.

## Procedural History

On October 26, 2001, the claimant filed an application for disability benefits under Title II (42 U.S.C. § 401 *et seq*.) and for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). The applications were denied initially and on reconsideration. After a hearing on October 30, 2002, ALJ Dean C. Metry found the claimant was not disabled in a decision dated February 21, 2003. The Appeals Council granted review and determined that, although the claimant could not perform his past relevant work, there was other work in significant numbers in the national economy the claimant could perform, and he was not therefore disabled. Thus, the Appeals Council's determination, dated October 21, 2004, became the final decision of the Commissioner for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ determined the claimant had the residual functional capacity ("RFC") to perform light work limited by occasional pushing and pulling with the lower extremities, occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds, and occasional overhead reaching with the left arm. The claimant also could only occasionally finger and feel with the hands and feet; stoop, crouch, kneel, and crawl; and be exposed to

extreme cold (Tr. 24-25). The ALJ made a step four determination that the claimant could return to his past relevant work as a poultry eviscerator, but the Appeals Council disagreed, finding instead that the claimant was not disabled at step five because there was work in the regional and national economies he could perform, *e.g.*, counter clerk/furniture rental clerk and conveyor line bakery worker (Tr. 10). Neither the ALJ nor the Appeals Council considered whether the claimant had a severe visual impairment.

## Review

The claimant asserts that the ALJ erred: (i) by failing to properly develop the record; (ii) by failing to include the claimant's diminished vision as a severe impairment; (iii) by finding the claimant was not credible; and, (iv) by not supporting the RFC determination with substantial evidence. The undersigned Magistrate Judge finds the claimant's second contention dispositive, *i.e.*, the ALJ failed to consider whether the claimant's visual impairment was severe at step two.

The record reveals that in February 2001, the claimant underwent a consultative examination with Dr. Mohammed A. Quadeer, M.D. The claimant indicated he was diagnosed with diabetes mellitus at the age of nineteen and had been taking insulin for several years. In addition to other symptoms associated with his diabetes, the claimant complained of blurry vision. He had not seen an eye specialist, but he had an appointment to do so. Dr. Mohammed noted that the claimant's blurry vision was "probably due to cataracts from diabetes." (Tr. 167). In August 2001, the claimant reported to Dr. Michael Williams, O.D., that he had suffered a sudden onset of blurred vision and ocular discomfort. Dr. Williams's initial diagnosis was retrobulbar optic neuritis, a condition that could last from several days to several weeks (Tr. 215). By October and November 2001, the

claimant's symptoms remained the same, *i.e.*, blurry vision and watery eyes (Tr. 208-09). At his consultative examination with Dr. Jag Reddy, M.D., in January 2002, the claimant continued to complain of blurry vision. He had seen an ophthalmologist recently, and reported that aside from "some spots of blood in the back," the doctor found his eyes were clear. His visual acuity with glasses was 20/70 in the right eye, 20/50 in the left eye, and 20/70 in both eyes. Without his glasses, the claimant could not see the chart (Tr. 231-33).

Further, the claimant noted on the forms he completed during the application and reconsideration processes that his vision was impaired and limited his ability to work (Tr. 72, 100). When describing his daily activities, he explained he did not drive in part because of his blurry vision (Tr. 97, 125), but he did read and watch television (Tr. 96, 124). On his request for hearing form, the claimant reported that his problems with blurred vision had worsened (Tr. 134). He also testified at the administrative hearing that he had Bell's Palsy on the right side of his face causing his eyelid to droop, and he could not see anything when looking down or bending over to pick something up (Tr. 348).

Although the claimant bears the burden at step two of showing that he has an impairment severe enough to interfere with the ability to work, *see, e. g., Bowen v. Yuckert*, 482 U.S. 137 (1987), it is a "de minimis" burden. *See Hawkins*, 113 F.3d at 1169. The ALJ recognized that the claimant had severe impairments of insulin dependent diabetes mellitus, diabetic neuropathy of the hands and feet, and capsulitis of the left shoulder (Tr. 23), but he did not mention the claimant's problems with blurred vision or the evidence documenting these problems. More importantly, the ALJ gave no indication whether he considered this impairment severe or not. *See, e.g., Spicer v. Barnhart*, 64 Fed. Appx. 173, 177 (10th Cir. May 5, 2003) [unpublished opinion] (reversing ALJ's decision when he failed to even

mention an impairment making it impossible to determine if he formed any conclusion regarding the impairment individually or in combination with other impairments when evaluating the RFC). Because the ALJ (not a reviewing court) must make this determination, *see Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]e are not in a position to draw factual conclusions on behalf of the ALJ.") [quotation omitted], this case must be reversed and remanded for further findings by the ALJ. On remand, the ALJ must determine whether the claimant's vision problems constitute a severe impairment, and if so, what impact such impairment has on the claimant's RFC and his ability to do work.

## Conclusion

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 5th day of December, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**